## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHILIP MURPH,

                   Petitioner,

     v.

STEVIE M. KNIGHT,

                   Respondent.

Civil Action
No. 23-1123 (CPO)

**OPINION**

**O'HEARN, District Judge.**

       Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking additional credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq.* (ECF No. 1, at 6–7.)  Petitioner challenged the Bureau of Prisons' ("BOP") assessment of his FSA credits and sought an order for his immediate transfer to prerelease custody, *i.e.*, residential reentry/home confinement ("RRC/HC").  (*Id.*)  The Court finds that the Petition is now moot.

       Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313.  If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).  Stated differently, a "favorable judicial decision" must be capable of redressing an injury traceable to the respondent.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

In his Petition, Petitioner stated that he was "satisfied" with the BOP's October 9, 2022, assessment of 265 days towards RRC/HC.[1] (ECF No. 1-3, at 24; ECF No. 1, at 3.)  However, on January 8, 2023, the BOP issued a new decision, stating that he was entitled to only 110 days towards RRC/HC. (ECF No. 1, at 3.)   Petitioner challenged that decision, and after two recalculations, the BOP held that Petitioner was entitled to 165 days towards RRC/HC, on February 11, 2023. (ECF No. 1-3, at 24–25; ECF No. 1, at 3.)

Petitioner filed the instant § 2241 Petition to challenge the BOP's February 11, 2023, credit assessment.[2]  (ECF No. 1, at 2.)  In his Answer, Respondent advised that the BOP updated its policies, and issued a new decision, on March 25, 2023, stating that Petitioner is now entitled to 315 days towards RRC/HC. (ECF No. 4-1, at 1–2.)  As a result, the original target of the Petition, the BOP's February 11, 2023, credit assessment, is no longer in effect.  (*Id*.)  In other words, if the Court were to hold that that decision violated Petitioner's rights, it would have no effect on Petitioner.  Consequently, the Petition is now moot.

In his Reply, Petitioner now seeks to challenge the BOP's March 25, 2023, assessment, but Petitioner cannot raise new claims in a Reply. (ECF No. 5.)  If Petitioner wishes to challenge the new credit assessment, he must file a new § 2241 petition under a new docket number.

---

[1] The BOP also held that Petitioner was entitled to 365 days towards early transfer to supervised release.  These 365 days have remained the same throughout the events of the Petition and are not in dispute. (ECF No. 1-2, at 3.)

[2] Petitioner mentions two different dates for this decision, but it appears that February 11, 2023, is the date of decision, and February 14, 2023, is the date he received the decision.  (ECF No. 1-3, at 14; ECF No. 4, at 1.)

For the foregoing reasons, the Court will dismiss the Petition as moot.  An appropriate Order follows.

Dated:  May 9, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**